CIRCUIT COURT FOR HAMILTON COUNTY
**State of Tennessee**

| | |
|---|---|
| MICHAEL SHANE CAGLE, | §<br>§ |
| *Plaintiff,* | §<br>§<br>§ |
| ~v~ | §<br>§ |
| HAMILTON COUNTY<br>GOVERNMENT, and | §<br>§<br>§ |
| CORRECTION DEPUTY JOSEPH JONES,<br>CORRECTION DEPUTY KEVIN LEWIS,<br>CORRECTION DEPUTY WESLEY BIRJKOVFF,<br>and<br>CORRECTION DEPUTY MICHAEL CRAIG,<br>In their capacities as corrections deputy<br>sheriff for Hamilton County Government<br>and in their individual capacities, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| *Defendants.* | §<br>§ |

No. 19C1423

**JURY DEMAND**

## COMPLAINT

PLAINTIFF, for his causes of action, will show the Court:

**Introduction:**

1.  This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of rights secured to Plaintiff by the Fourth, and Fourteenth Amendments to the United States Constitution and for violations of the laws of the State of Tennessee by the Defendants.

2.  Plaintiff further brings this action against the Defendant, Hamilton County Government ("County") pursuant to TENN. CODE ANN. § 8-8-302.

3.  Plaintiff avers that the individually named defendants, Corrections Deputy Joseph Jones ("Jones"), Corrections Deputy Kevin Lewis ("Lewis"), Corrections Deputy Wesley Birjkovff ("Birjkovff") acted as corrections deputy sheriffs, agents, and law enforcement officers

~ 1 ~

DEFENDANT COPY

employed by the County, assigned to the Hamilton County Jail, and was at all times relevant to this matter acting under color of law and under color of their office with the County.

4. Plaintiff maintains that the individual defendants committed these violations, further set forth herein, as a result of policies, customs, practices, and/or procedures of the County.

5. In addition, Plaintiff avers the individual defendants' acts and omissions subjected Plaintiff to mental anguish, emotional distress, and physical injuries.

**Jurisdiction and Venue:**

6. This is an action to redress the deprivation of rights secured to Plaintiff by the Fourth, and Fourteenth Amendments to the United States Constitution and for violations of Tennessee common law. Thus, as to the § 1983 claims, this Court is vested with original jurisdiction pursuant to the authority stated in Haywood v. Drown, 556 U.S. 729, 731 (2009) and Poling v. Goins, 713 S.W.2d 305, 306 (Tenn. 1986). This Court is vested with original jurisdiction over Plaintiff's state claims pursuant to TENN. CODE ANN. § 16-10-101, et seq.

7. Venue is proper in this Court pursuant to TENN. CODE ANN. § 20-4-102. All acts complained of occurred within Hamilton County.

    a. Plaintiff is a resident of Rhea County, Tennessee.

    b. To the best of Plaintiff's knowledge, the individual defendants are residents of Hamilton County, Tennessee.

    c. The County is a political sub-division of the State of Tennessee.

**The Parties:**

8. At all times relevant to this cause of action, Plaintiff was a citizen of the United States and resident and citizen of the State of Tennessee.

~ 2 ~

9.    At all times relevant to this cause of action, the County was a political sub-division of the State of Tennessee organized and existing under the laws of the State of Tennessee.

     a.    The County finances its law enforcement department identified and averred as the Hamilton County Sheriff's Department ("sheriff's department") and provides rules and regulations for the operation of the sheriff's department.

     b.    The County provides oversight of the hiring, training, discipline, and retention of all personnel in its law enforcement department.

10.    At all times relevant to this cause of action, the County is responsible for the creation and maintenance of its sheriff's department, which is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee as to:

     a.    The safe and humane treatment of all persons taken into and held in the custody of its correctional deputy staff at the Hamilton County Jail ("jail") and to not treat such person with unnecessary rigor.

     b.    The training and certification of its corrections and law enforcement employees.

     c.    The safety of persons detained or otherwise within the custody of its individual deputies[1] and agents.

     d.    To properly and promptly investigate claims of misconduct by its officers.

11.    Plaintiff brings this action against the County.

---

[1] Hereinbefore and after the terms, "officers" and "deputies" are used interchangeably to refer to all of the County's law enforcement and correctional employees.

12.     At all times relevant to this cause of action, the County employed the individual

defendants, who in turn were appointed by the sheriff as corrections deputies assigned to the jail.

The individual defendants acted under the color of their respective offices and under the color of

law, statute, ordinance, regulation, custom, or usage of the County. In addition:

    a.     At all times relevant to this cause of action, the individual defendants

            acted in their official capacities as employees for the County as defined

            under TENN. CODE ANN. § 29-20-102.

    b.     At all times relevant to this cause of action, Smith acted by virtue of or

            under the color of their offices as corrections deputy sheriffs pursuant to

            TENN. CODE ANN. § 8-8-302.

    c.     Plaintiff sues the individual defendants in their individual and official

            capacities.

**Factual Basis:**

*Individual Defendants*

13.     On January 10, 2019, Deputy Lori Choate ("Choate") of the County brought

Plaintiff into the Hamilton County Jail ("jail") on various criminal charges.

14.     Choate escorted Plaintiff to the booking area of the jail without incident.

15.     The individual defendants were present when Choate brought Plaintiff into the

booking area.

16.     Plaintiff was handcuffed with his hands behind his back.

17.     Plaintiff was standing calmly.

~ 4 ~

18.     Video of the next events shows Plaintiff standing calmly, then snaps forward to a scene where Plaintiff is bent over forward with Choate and the individual defendants removing handcuffs from the Plaintiff.

19.     The individual defendants drafted incident reports wherein they all claim in various versions Plaintiff, upon entry into the jail and booking area was violent, swinging his arms, and grabbing the individual defendants.

20.     The said video does not show any such conduct by the Plaintiff.

21.     Plaintiff avers that upon entry into the booking area, the individual defendants overreacted to Plaintiff when Plaintiff merely asked to have the handcuffs loosened.

22.     Plaintiff avers that the individual defendants beat Plaintiff about the face and head, and in the process inflicted facial and head injuries upon the Plaintiff.

23.     At no time did the Plaintiff present a threat of any harm to anyone.

**County:**

### *Rodney Terrell*

24.     The County failed to suspend or terminate county corrections officer Rodney Terrell ("Terrell") after Terrell unlawfully used a Taser on Nancy Mason ("Mason") while in the custody of the Sheriff in March 2015.

25.     In an effort to cover-up his unreasonable use of force on Mason, Terrell wrote a use of force report wherein he falsely claimed a justified use of the Taser on Mason, which 3 of Terrell's supervisors holding the ranks of Lieutenant, Captain, and Administration approved and endorsed as Terrell having "followed Policy/Training."

26.     However, the County then reopened the investigation as to Terrell's use of force on Mason, and merely reprimanded Terrell.

27.     Despite a finding by the Sheriff's own Internal Affairs investigation that Terrell used excessive force on Mason and that the force caused Mason to suffer a serious fractured arm, the Sheriff merely stated the following in regard to the incident:

> "Policy needs review & better clarification made. It appears the employees involved had no malicious intent, but training & policies need to be addressed with each employee involved."

28.     Despite a finding by the Sheriff's own Internal Affairs investigation that Terrell used excessive force on Mason and that the force caused Mason to suffer a serious fractured arm, the County did not suspend or terminate Terrell. Rather, sometime later, the County actually promoted Terrell to the rank of Lieutenant.

### *Daniel Hendrix*

29.     On August 15, 2015, the late Deputy Daniel Hendrix ("Hendrix") savagely assaulted a fully handcuffed and shackled prisoner identified as Leslie Hayes ("Hayes") at the Silverdale Complex.

30.     This assault was captured in its entirety on video.

31.     Hendrix then lied to Sheriff's Department investigators about his assault upon Hayes and lied when he brought false felony criminal charges against Hayes, which were later dismissed.

32.     Although criminal charges were brought against Hendrix, they were eventually dropped based upon a false claim that County authorities did not know the whereabouts of Hayes to prosecute Hendrix despite the fact the County knew Hayes was held in the Sequatchie County Jail. County authorities could have easily transported Hayes to Hamilton County to allow her to testify against Hendrix but refused or failed to do so.

~ 6 ~

33.     Subsequent to the state's dismissal of the criminal charges against him, the county returned Hendrix to his full duties as a Deputy.

34.     On March 29, 2017, Hendrix was shot and killed by Chattanooga law enforcement after Hendrix became violent with two female Chattanooga Police officers while celebrating Hendrix's birthday.

35.     Upon Chattanooga Police law enforcement's arrival, Hendrix drew his County issued gun, became agitated and refused commands to drop the weapon, whereupon Chattanooga Police shot and killed Hendrix.

36.     Despite the full knowledge of Hendrix's propensity to use extreme violence against citizens in general, the County allowed Hendrix to return to full duty with the full use and benefit of his county issued gun after the events involving Hayes.

### *Edmond Blake Kilpatrick*

37.     Edmond Blake Kilpatrick ("Kilpatrick") was hired by the County sometime in 2009 as a deputy sheriff. At the present time, he is a detective with the sheriff's department.

38.     Prior to his employment by the County, Kilpatrick was a defendant in an Order of Protection petition filed by Sylvana Johnson ("Johnson") in Meigs County, Tennessee under case number OP370. This Petition was at the time the County employed Kilpatrick, a public record and readily available to anyone.

39.     In the petition, Johnson claimed that Kilpatrick forced his way into her residence, attacked a person she named "Matt," as well as herself.

40.     Forced entry into a residence to commit a crime therein constitutes the state felony of aggravated burglary.

~ 7 ~

41.    Kilpatrick stands accused of killing Christopher Sexton in U.S. District Court Case No. 1:18-cv-17.

42.    Kilpatrick also stands accused of beating Charles Toney, Jr. ("Toney"), which was recorded by a bystander.

43.    In this recording, while Toney was handcuffed, and on the ground, Kilpatrick is beating and pummeling Toney without any lawful and believable justification.

44.    This video recorded beating happened on December 3, 2018.

45.    The recording was "viral" on "YouTube," and was the focus of much media exposure to the command staff of the County's sheriff's department.

46.    It was not until on or about December 19, 2018, that the County, through its sheriff's department, placed Kilpatrick on suspension (with pay) pending further investigations by federal authorities.

47.    Although the office of the District Attorney General for Hamilton County referred the Kilpatrick matter to federal authorities some days prior to December 19, 2018, the suspension happened almost immediately after much pressure from two Hamilton County Commissioners, the local chapter of the NAACP, and local grass-roots protests.

### *Sheriff Jim Hammond*

48.    The sheriff of the County is Jim Hammond ("Hammond").

49.    In 2012, when addressing civic leaders about black gang members Hammond said the following: "We need to run them out of town, put them in jail or send them to the funeral home."

50.    In response to the conduct of Kilpatrick, and in response to a video recorded beating, strip search, and anal cavity search of a handcuffed James Mitchell (that happened on

~ 8 ~

July 10, 2019) by Deputy Daniel Wilkey and Deputy Bobby Brewer, Hammond stated he stood by his deputies, that the same deputies were "seasoned" officers, "good" officers, and that he stood by their "ability and training." Hammond further stated publicly that he reviewed video of the incident with Mitchell and Menifee and stated, "I, Jim Hammond did not see a body cavity search." Hammond also stated that his deputies followed procedure citing James Mitchell was combative and his deputies had already found marijuana in his pocket when they felt something in his pants, not knowing if it was a weapon or narcotics.

51.     Hammond made these public comments before any meaningful investigation by his own internal affairs division and before made any internal affairs division reports of any investigation of the Mitchell / Menifee affair.

52.     Despite Wilkey's questionable killing of an unarmed man by gunshot to the head while Wilkey worked for the Rhea County Sheriff, Hammond approved the hire of Wilkey as a deputy for the County.

53.     The County hired Wilkey sometime in February 2018, and within a short period of time, Wilkey racked up at least 8 internal affairs complaints. The County cleared Wilkey of any wrongdoing in two of the complaints, but there is no indication of the result of any investigation of the remaining 6 complaints.

54.     Wilkey has since been indicted by the Hamilton County Grand Jury on 44 criminal counts ranging from rape and stalking to sexual battery and reckless endangerment. The rape charges arise from the Mitchell/Menifee affair.

### *Charges against A.M. and actions against female minors*

55.     Wilkey and fellow Deputy Tyler McRae ("McRae") are defendants in civil actions that arose from a traffic stop on April 18, 2019 that involved female minors.

~ 9 ~

56.     The civil actions involve allegations by female minors that Wilkey, with the assistance of McRae, groped the girls, were verbally abusive to the girls, and detained the girls illegally.

57.     The parents and/or guardians of the girls were unsuccessful in making internal affairs complaints against Wilkey and McRae because of the lack of any reply from the sheriff's department.

58.     However, one minor identified herein as "A.M," was successful in actually making a complaint about the improper conduct of Wilkey and McRae. Part of her complaint was how Wilkey reached into her pants and removed a marijuana pipe.

      a.     Wilkey charged A.M. with possession of drug paraphernalia and booked A.M. into the Juvenile Detention Unit.

      b.     A.M. would plead guilty to the charge without benefit of counsel

59.     Shortly after giving her statement to sheriff's department investigators, Wilkey began a series of actions (such as following A.M. and conducting at least one subsequent traffic stop on her) that placed A.M. and her legal guardian in fear. Consequently, A.M. gave no further statements nor pursued further her complaint.

60.     However, the sheriff's department did continue to "investigate," and after conducting a brief and sloppy "investigation" of A.M.'s claims, charged A.M. with making a false report about Wilkey's conduct.

61.     On November 8, 2019, the Juvenile Court, upon motion of the State of Tennessee, dismissed the charge of false report. The Juvenile Court also granted a motion of A.M. and the State of Tennessee to restore the charge Wilkey brought against A.M. for possession of drug paraphernalia to the docket, and to dismiss the charge.

~ 10 ~

62. WTVC Channel 9 reported on the lawsuits filed by the female minors against Wilkey and McRae.

63. McRae, in response to WTVC's report (in facebook) claimed that the female minors' claims have been "proven" as not true by stating: "The way the female is stating she was searched is not true and that has already been proven."

### *Deputy Jordan Long*

64. Deputy Jordan Long ("Long") was a police officer with the City of Collegedale Police Department.

65. On January 12, 2019, Long unlawfully and without any justification nearly threw Matthew Gilmore into the path of oncoming vehicular traffic, which carried a significant risk of death or serious bodily harm to Mr. Gilmore.

66. Despite Long's history of unlawful violence against Mr. Gilmore, Hammond approved the hire of Long as a deputy for the County.

**Count One:**
**Violation of Civil Rights Under**
**Color of Law 42 U.S.C. §1983 –**
**Unreasonable Seizure by Excessive Force**

67. Plaintiff incorporates all the prior averments in the previous paragraphs as if fully set forth herein.

68. The force the individual defendants used against Plaintiff amounted to unlawful force that carried a high risk of causing serious and life-threatening bodily harm, was unnecessary and unreasonable under the circumstances and was the direct and proximate cause of Plaintiff's injuries both physical and mental, and needless suffering.

69. No reasonable correctional officer would have acted in this manner.

70.     Once the Plaintiff was in the joint custody of the individual defendants and the County there existed a special relationship between the Plaintiff and the Defendants.

71.     The County's continued employment of Terrell and Hendrix and the County's failure to discipline Terrell and Hendrix in any meaningful manner, created an atmosphere that other County employees, including the individual defendants, could act in a similar manner, and thus not be punished in any significant way.

72.     The County's promotion of Terrell to lieutenant after his unnecessary use of force against Nancy Mason created an atmosphere that other County employees, including the individual defendants, could act in a similar manner, and thus not be punished in any significant way.

73.     The County's employment of Kilpatrick despite his history of violence against women during the commission of at least one felony, the continued display of violence in the unnecessary killing of Christopher Sexton, the promotion of Kilpatrick to a detective position, and the delay suspension of Kilpatrick despite overwhelming video evidence of Kilpatrick's propensity to use violence against a helpless and handcuffed arrestee created an atmosphere that other County employees, including the individual defendants, could act in a similar manner, and thus not be punished in any significant way. Although the events involving Kilpatrick occurred close in time to or after the events between the individual defendants and Plaintiff, Plaintiff submits they reflect the same atmosphere that exists to this day.

74.     The County's employment of Wilkey despite his history of lethal violence against an unarmed person, and the lack of any resolution of 6 internal affairs complaints, created an atmosphere that other County employees, including the individual defendants, could act in a similar manner, and thus not be punished in any significant way.

~ 12 ~

75. The County's employment of Long despite his history of violence against unarmed Matthew Gilmore created an atmosphere that other County employees, including the individual defendants, could act in a similar manner, and thus not be punished in any significant way. Although the events involving Long occurred close in time to or after the events between the individual defendants and Plaintiff, Plaintiff submits they reflect the same atmosphere that exists to this day.

76. Hammonds' comments created an atmosphere that other County employees, including the individual defendants, could act as he did in this instance, and thus not be punished in any significant way. Although Hammonds' comments occurred close in time to or after the events between the individual defendants and Plaintiff, Plaintiff submits they reflect the same atmosphere that exists to this day.

77. The "investigation" of A.M.'s complaint and the subsequent retaliatory felony charge of false report created an atmosphere that other County employees, including the individual defendants, could act as he did in this instance, and thus not be punished in any significant way. Although the attempted prosecution of A.M. occurred after the events between the individual defendants and Plaintiff, Plaintiff submits they reflect the same atmosphere that exists to this day.

78. The failure to take the complaints of female minors by their parents or guardians created an atmosphere that other County employees, including the individual defendants, could act as he did in this instance, and thus not be punished in any significant way. Although the attempted prosecution of A.M. occurred after the events between the individual defendants and Plaintiff, Plaintiff submits they reflect the same atmosphere that exists to this day.

79.     The individual defendants acted under color of law and his negligence and intentional acts along with the deliberate indifference of the County deprived the Plaintiff of his rights secured to him under the Fourth and Fourteenth Amendments to United States Constitution to be free from unreasonable seizures of persons without Due Process of Law.

80.     Plaintiff sues the County and the individual defendants under this Count.

**Count Two:**
**Negligence**

81.     Plaintiff incorporates all the prior averments in the previous paragraphs as if fully set forth herein.

82.     As stated previously, the individual defendants, at the time of the events averred in this Complaint, acted under the color of their offices as correctional deputy sheriffs for the County.

83.     TENN. CODE ANN. § 8-8-302, allows anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff to bring suit against the County.

84.     The Tennessee Constitution, article 1, section 13, prohibits the treatment of Plaintiff upon arrest and confinement with unnecessary rigor. Consequently, the individual defendants had an affirmative duty to not injure the Plaintiff in the manner averred in this Complaint.

85.     The individual defendants' actions and omissions as stated herein were the direct and proximate cause of Plaintiff's injuries both physical and mental, needless suffering, and loss of enjoyment of life.

86.     Plaintiff sues the County and the individual defendants under this Count.

## Count Three:
**Battery**

87.    Plaintiff incorporates all the prior averments in the previous paragraphs as if fully set forth herein.

88.    The individual defendants' acts as averred in this Complaint, constituted a battery on Plaintiff's person.

89.    The individual defendants' conduct was the direct and proximate cause of Plaintiff's injuries both physical and mental, needless suffering, and loss of enjoyment of life.

90.    Plaintiff sues the individual defendants under this Count.

## Count Four:
**Assault**

91.    Plaintiff incorporates all the prior averments in the previous paragraphs as if fully set forth herein.

92.    The individual defendants' acts as averred in this Complaint, constituted a battery on Plaintiff's person.

93.    The individual defendants' conduct was the direct and proximate cause of Plaintiff's injuries both physical and mental, needless suffering, and loss of enjoyment of life.

94.    Plaintiff sues the individual defendants under this Count.

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following relief:

a.    The omissions of the County constituted willful and wanton indifference to and with deliberate disregard for the constitutional civil rights of the Plaintiff. Thus, as to the County, the Plaintiff is entitled to actual damages, and attorney fees pursuant to 42. U.S.C. §1988.

~ 15 ~

b.     The individual defendants committed their acts against Plaintiff with actual malice toward the Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional civil rights of the Plaintiff. Thus, as to the individual defendants, is entitled to punitive damages, actual damages, and attorney fees pursuant to 42. U.S.C. §1988.

c.     The Court to enter judgment against the Defendants and to award Plaintiff compensatory damages in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000).

d.     The Court to enter judgment against the individual defendants and to award Plaintiff punitive damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000).

e.     That the Court award costs, and discretionary costs.

f.     Any other relief the Court may deem fit and proper.

g.     Any other relief the Court may deem fit and proper pursuant to 42 U.S.C. § 1988, and

h.     Allow a jury trial on all issues.

Respectfully submitted,

By: _____

**ROBIN RUBEN FLORES**
**TENN. BPR #20751**
**GA. STATE BAR #200745**
Attorney for Plaintiff
4110-A Brainerd Road
Chattanooga, TN 37411
(423) 267-1575
robin@robinfloreslaw.com

***verification on next page***

~ 16 ~

VERIFICATION

STATE OF TENNESSEE )
HAMILTON COUNTY )

I, Michael Shane Cagle, first being duly sworn, do hereby make solemn oath that the facts in regard to the events in the jail as described in this Verified Complaint are true to the best of my knowledge, information, and belief.

This the __19__ day of __December__, 2019.

_____
**Michael Shane Cagle**

Sworn to before me this __19__
day of __December__, 2019.

_____
Notary Public
My commission expires ___9·25·21___

~ 17 ~

# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

MICHAEL SHANE CAGLE, §
§
*Plaintiff*, §
§
~v~ §
§
HAMILTON COUNTY §
GOVERNMENT, and §
§
CORRECTION DEPUTY JOSEPH JONES, §
CORRECTION DEPUTY KEVIN LEWIS, §
CORRECTION DEPUTY WESLEY BIRJKOVFF, §
and §
CORRECTION DEPUTY MICHAEL CRAIG, §
In their capacities as corrections deputy §
sheriff for Hamilton County Government §
and in their individual capacities, §
§
*Defendants*. §

No. 19C1423

**JURY DEMAND**



## AFFIDAVIT OF SERVICE

1.    I am the affiant, Robin R. Flores, and base this affidavit upon first-hand

information. I am competent to make this affidavit.

2.    On December 20, 2019, Plaintiff filed a Complaint and the Clerk of Court issued

a Summons for defendant Hamilton County Government.

3.    On December 20, 2019, I personally served a copy of the Summons and

Complaint to Rheubin Taylor, County Attorney.

4.    I have attached the service copy of the Summons to this Affidavit. [Exhibit A]


**AFFIANT STATES NOTHING FURTHER.**

STATE OF TENNESSEE )
COUNTY OF HAMILTON )

    I, Robin R. Flores, first being duly sworn, do hereby make solemn oath that the facts contained in this affidavit are true to the best of my knowledge, information and belief. This _____ day of December, 2019.

                               _____

                              Robin R. Flores

Sworn to before me this _____
day of December, 2019.

_____ Notary Public

My commission expires: 9.25.21

# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

| | |
|---|---|
| MICHAEL SHANE CAGLE, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| | § No. 19C1423 |
| ~v~ | § |
| | § **JURY DEMAND** |
| HAMILTON COUNTY | § |
| GOVERNMENT, and | § |
| | § |
| CORRECTION DEPUTY JOSEPH JONES, | § |
| CORRECTION DEPUTY KEVIN LEWIS, | § |
| CORRECTION DEPUTY WESLEY BIRJKOVFF, | § |
| and | § |
| CORRECTION DEPUTY MICHAEL CRAIG, | § |
| In their capacities as corrections deputy | § |
| sheriff for Hamilton County Government | § |
| and in their individual capacities, | § |
| | § |
| *Defendants.* | § |

## SUMMONS

**To:** **HAMILTON COUNTY GOVERNMENT**
c/o Rheubin Taylor, County Attorney
625 Georgia Avenue, Room 204
Chattanooga, TN 37402

You are hereby summoned to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee in the above styled case. Your defense to this Complaint must be filed in the office of the Clerk of Circuit Court for Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the 20ᵗʰ day of December , 20 19.

**LARRY HENRY, CLERK**

BY: _Wehally Rei_

DEPUTY CLERK

Attorneys for Plaintiff: ROBIN RUBEN FLORES
4110 BRAINERD ROAD, CHATTANOOGA, TN 37411

Plaintiff's Address:_____

SERVICE
RETURN

EX. A

Received this _____ day of _____, 20____.

/S/_____

DEPUTY SHERIFF

STATE OF TENNESSEE
COUNTY OF HAMILTON

I, Larry Henry, Clerk of Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

LARRY HENRY, CLERK

BY: _____ D.C.

## OFFICER'S RETURN

I certify that I served this summons, together with the Complaint as follows:

☐ On, _____, 20___, I delivered a copy of the summons and Complaint to the Defendant,
_____
_____ ☐ Failed to serve
this summons within 30 days because:
_____

**Jim Hammond, Sheriff:**
_____
DEPUTY SHERIFF

## Clerk's Return

I hereby acknowledge and accept service of the within summons and receive copy of same, this
_____ day of _____, 20____.

_____
DEFENDANT

LARRY HENRY, CLERK

BY: _____ D.C.

### NOTICE TO DEFENDANT(S)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should and of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

MICHAEL SHANE CAGLE,                    §
                                        §
            *Plaintiff,*                §
                                        §          No. 19C1423
~v~                                     §
                                        §       **JURY DEMAND**
HAMILTON COUNTY                         §
GOVERNMENT, and                         §
                                        §
CORRECTION DEPUTY JOSEPH JONES,         §
CORRECTION DEPUTY KEVIN LEWIS,          §
CORRECTION DEPUTY WESLEY BIRJKOVFF,     §
and                                     §
CORRECTION DEPUTY MICHAEL CRAIG,        §
In their capacities as corrections deputy §
sheriff for Hamilton County Government  §
and in their individual capacities,     §
                                        §
            *Defendants.*               §

## AFFIDAVIT OF SERVICE

1.    I am the affiant, Allen Huggins, and base this affidavit upon first-hand

      information. I am competent to make this affidavit.

2.    On December 20, 2019, a Plaintiff filed a Complaint and the Clerk issued a

      Summons for defendant, Correction Deputy Michael Craig.

3.    On December 23, 2019, I personally served a copy of the Complaint and

      Summons for Corrections Deputy Michael Craig to Sgt. Hughes with the

      Hamilton County Sheriff's Office who is authorized to accept service for the

      defendant.

4.    I have attached the service copy of the Summons to this Affidavit. [Exhibit A]

      **AFFIANT STATES NOTHING FURTHER.**

STATE OF TENNESSEE )
COUNTY OF HAMILTON )

     I, Allen Huggins first being duly sworn, do hereby make solemn oath that the facts contained in this affidavit are true to the best of my knowledge, information and belief. This 30 day of December, 2019.

                                Allen Huggins - RCSI
                                8829 Snow Hill Road
                                Ooltewah, TN  37363

Sworn to before me this 30 day of December, 2019.

_____ Notary Public
My commission expires: 9-25-21

# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

MICHAEL SHANE CAGLE,

§
§

*Plaintiff,*

§
§

~v~

§
§

No. ___PC1423___

HAMILTON COUNTY
GOVERNMENT, and

§
§
§
§

**JURY DEMAND**

CORRECTION DEPUTY JOSEPH JONES,
CORRECTION DEPUTY KEVIN LEWIS,
CORRECTION DEPUTY WESLEY BIRJKOVFF,
and
CORRECTION DEPUTY MICHAEL CRAIG,
In their capacities as corrections deputy
sheriff for Hamilton County Government
and in their individual capacities,

§
§
§
§
§
§
§
§
§
§

*Defendants.*

§
§

## SUMMONS

**To:** **CORRECTION DEPUTY MICHAEL CRAIG**
Hamilton County Sheriff's Office
600 Market Street
Chattanooga, TN 37402

You are hereby summoned to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee in the above styled case. Your defense to this Complaint must be filed in the office of the Clerk of Circuit Court for Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the __20th__ day of __December__, 20_19_.

**LARRY HENRY, CLERK**

BY: _____

DEPUTY CLERK

Attorneys for Plaintiff: __ROBIN RUBEN FLORES__
_____4110 BRAINERD ROAD, CHATTANOOGA, TN 37411_____

Plaintiff's Address: _____

**SERVICE RETURN**

Received this _____ day of _____, 20___.

/S/ _____
DEPUTY SHERIFF

STATE OF TENNESSEE
COUNTY OF HAMILTON

I, Larry Henry, Clerk of Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

LARRY HENRY, CLERK

BY: _____ D.C.

OFFICER'S RETURN

I certify that I served this summons, together with the Complaint as follows:

☐ On, _____, 20___, I delivered a copy of the summons and Complaint to the Defendant,

_____

_____ ☐ Failed to serve

this summons within 30 days because:

_____

**Jim Hammond, Sheriff:**

_____
DEPUTY SHERIFF

**Clerk's Return**

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 20____.

_____
DEFENDANT

LARRY HENRY, CLERK

BY: _____ D.C.

NOTICE TO DEFENDANT(S)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should and of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

| | |
|---|---|
| MICHAEL SHANE CAGLE, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| ~v~ | § |
| | § |
| HAMILTON COUNTY | § |
| GOVERNMENT, and | § |
| | § |
| CORRECTION DEPUTY JOSEPH JONES, | § |
| CORRECTION DEPUTY KEVIN LEWIS, | § |
| CORRECTION DEPUTY WESLEY BIRJKOVFF, | § |
| and | § |
| CORRECTION DEPUTY MICHAEL CRAIG, | § |
| In their capacities as corrections deputy | § |
| sheriff for Hamilton County Government | § |
| and in their individual capacities, | § |
| | § |
| *Defendants.* | § |

No. 19C1423

**JURY DEMAND**

## AFFIDAVIT OF SERVICE

1.  I am the affiant, Allen Huggins, and base this affidavit upon first-hand

    information. I am competent to make this affidavit.

2.  On December 20, 2019, a Plaintiff filed a Complaint and the Clerk issued a

    Summons for defendant, Correction Deputy Kevin Lewis.

3.  On January 9, 2020, I personally served a copy of the Complaint and Summons

    for Corrections Deputy Kevin Lewis at his home address located at 1888 Crystal

    Lane, Hixson, Tennessee.

4.  I have attached the service copy of the Summons to this Affidavit. [Exhibit A]

    **AFFIANT STATES NOTHING FURTHER.**

STATE OF TENNESSEE )
COUNTY OF HAMILTON )

I, Allen Huggins first being duly sworn, do hereby make solemn oath that the facts contained in this affidavit are true to the best of my knowledge, information and belief. This 10 day of January, 2020.

Allen Huggins - RCSI
8829 Snow Hill Road
Ooltewah, TN 37363

Sworn to before me this 10
day of January, 2020.
_____ Notary Public
My commission expires: 9.25.21

# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

MICHAEL SHANE CAGLE,                    §
                                        §
            *Plaintiff,*                §
                                        §        No. 19C1423
                                        §
~V~                                     §        **JURY DEMAND**
                                        §
HAMILTON COUNTY                         §
GOVERNMENT, and                         §
                                        §
CORRECTION DEPUTY JOSEPH JONES,         §
CORRECTION DEPUTY KEVIN LEWIS,          §
CORRECTION DEPUTY WESLEY BIRJKOVFF,     §
and                                     §
CORRECTION DEPUTY MICHAEL CRAIG,        §
In their capacities as corrections deputy §
sheriff for Hamilton County Government  §
and in their individual capacities,     §
                                        §
            *Defendants.*               §

## SUMMONS

**To:**   **CORRECTION DEPUTY KEVIN LEWIS**
         Hamilton County Sheriff's Office
         600 Market Street
         Chattanooga, TN 37402

    You are hereby summoned to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee in the above styled case. Your defense to this Complaint must be filed in the office of the Clerk of Circuit Court for Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the 20th day of December, 20 19.

                        **LARRY HENRY, CLERK**

                        BY: _____
                               DEPUTY CLERK

Attorneys for Plaintiff: ROBIN RUBEN FLORES
_____4110 BRAINERD ROAD, CHATTANOOGA, TN 37411_____

Plaintiff's Address:_____

**SERVICE RETURN**

EX. A

Case 1:20-cv-00021-DCLC-DCP   Document 1-2   Filed 01/16/20   Page 28 of 33   PageID #: 33

Received this _____ day of _____, 20____.

/S/ _____
DEPUTY SHERIFF

STATE OF TENNESSEE
COUNTY OF HAMILTON

I, Larry Henry, Clerk of Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

LARRY HENRY, CLERK

BY: _____ D.C.

OFFICER'S RETURN

I certify that I served this summons, together with the Complaint as follows:

☐  On, _____, 20____, I delivered a copy of the summons and Complaint to the Defendant,

_____
_____                    ☐    Failed to serve

this summons within 30 days because:

_____

Jim Hammond, Sheriff:

_____
DEPUTY SHERIFF

Clerk's Return

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 20____.

_____
DEFENDANT

LARRY HENRY, CLERK

BY: _____ D.C.

NOTICE TO DEFENDANT(S)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should and of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

MICHAEL SHANE CAGLE,                              §
                                                  §
        *Plaintiff,*                      §
                                                  §            No. 19C1423
~v~                                               §            Division II
                                                  §            **JURY DEMAND**
HAMILTON COUNTY                                   §
GOVERNMENT, and                                   §
                                                  §
CORRECTION DEPUTY JOSEPH JONES,                   §
CORRECTION DEPUTY KEVIN LEWIS,                    §
CORRECTION DEPUTY WESLEY BIRJKOVFF,               §
and                                               §
CORRECTION DEPUTY MICHAEL CRAIG,                  §
In their capacities as corrections deputy         §
sheriff for Hamilton County Government            §
and in their individual capacities,               §
                                                  §
        *Defendants.*                    §



## AFFIDAVIT OF SERVICE

1.  I am the affiant, Allen Huggins, and base this affidavit upon first-hand information. I am competent to make this affidavit.

2.  On December 20, 2019, a Plaintiff filed a Complaint and the Clerk issued a Summons for defendant, Correction Deputy Joseph Jones.

3.  On January 13, 2020, I personally served a copy of the Complaint and Summons for Corrections Deputy Joseph Jones at 3115 Freeman Street, Chattanooga TN.

4.  I have attached the service copy of the Summons to this Affidavit. [Exhibit A] **AFFIANT STATES NOTHING FURTHER.**

STATE OF TENNESSEE )
COUNTY OF HAMILTON )

I, Allen Huggins first being duly sworn, do hereby make solemn oath that the facts contained in this affidavit are true to the best of my knowledge, information and belief. This 13 day of January, 2020.

_____

Allen Huggins - RCSI
8829 Snow Hill Road
Ooltewah, TN 37363

Sworn to before me this 13
day of January, 2020.
_____ Notary Public
My commission expires: 9.25.21

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

MICHAEL SHANE CAGLE,    §
    §
        *Plaintiff,*    §
    §
~v~    §
    §        No. 19C1423
HAMILTON COUNTY    §
GOVERNMENT, and    §        **JURY DEMAND**
    §
CORRECTION DEPUTY JOSEPH JONES,    §
CORRECTION DEPUTY KEVIN LEWIS,    §
CORRECTION DEPUTY WESLEY BIRJKOVFF,    §
and    §
CORRECTION DEPUTY MICHAEL CRAIG,    §
In their capacities as corrections deputy    §
sheriff for Hamilton County Government    §
and in their individual capacities,    §
    §
        *Defendants.*    §

## SUMMONS

**To:**    **CORRECTION DEPUTY JOSEPH JONES**
    Hamilton County Sheriff's Office
    600 Market Street
    Chattanooga, TN 37402

        You are hereby summoned to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee in the above styled case. Your defense to this Complaint must be filed in the office of the Clerk of Circuit Court for Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the 20ᵗʰ day of December, 20 19.

        **LARRY HENRY, CLERK**

        BY: _____
            **DEPUTY CLERK**

Attorneys for Plaintiff: ROBIN RUBEN FLORES
_____ 4110 BRAINERD ROAD, CHATTANOOGA, TN 37411

Plaintiff's Address:_____

**SERVICE RETURN**

Received this _____ day of _____, 20____.

/S/_____
DEPUTY SHERIFF

STATE OF TENNESSEE
COUNTY OF HAMILTON

I, Larry Henry, Clerk of Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

LARRY HENRY, CLERK

BY: _____ D.C.

## OFFICER'S RETURN

I certify that I served this summons, together with the Complaint as follows:

☐     On, _____, 20____, I delivered a copy of the summons and Complaint to the Defendant,

_____

_____     ☐     Failed to serve

this summons within 30 days because:

_____

Jim Hammond, Sheriff:

_____
DEPUTY SHERIFF

## Clerk's Return

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 20____.

_____
DEFENDANT

LARRY HENRY, CLERK

BY: _____ D.C.

## NOTICE TO DEFENDANT(S)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should and of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.