UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL SHANE CAGLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-CV-021-DCLC-DCP |
| HAMILTON COUNTY GOVERNMENT, JOSEPH JONES, KEVIN LEWIS, WESLEY BIRJKOFF, and MICHAEL CRAIG, | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This is a prisoner's pro se[1] complaint for violation of 42 U.S.C. § 1983. On December 28, 2020, the Court entered an order providing Plaintiff ten days to show good cause as to why this action should not be dismissed for want of prosecution [Doc. 23]. Plaintiff has not complied with that order and the time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

---

[1] Plaintiff filed his complaint through counsel, but that counsel subsequently filed a motion to withdraw from her representation of Plaintiff [Doc. 20], which was granted [Doc. 21].

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's previous order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff either (1) received the Court's order but chose not to comply or otherwise communicate with the Court, or (2) did not receive the Court's order due to his failure to keep his prior counsel apprised of his current contact information [Doc. 20] and/or failure to personally monitor this case. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants at this time but notes that neither Defendants nor the Court can communicate with Plaintiff about this case without his current contact information. As to the third factor, the Court's previous order warned Plaintiff that failure to comply therewith would result in dismissal of this action [Doc. 23 p. 2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about plaintiff's pro se status prevented him from complying with the Court's order [*Id.*], and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

2

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

                                            s/Clifton L. Corker
                                            United States District Judge